**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

R. WAYNE PATTERSON,

               Plaintiff - Appellant,

   v.

UNITED STATES SENATE; et al.,

               Defendants - Appellees.

No. 14-15899

D.C. No. 4:13-cv-02311-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

    R. Wayne Patterson, a California attorney, appeals pro se from the district

court's judgment dismissing his action for injunctive and declaratory relief

challenging the constitutionality of United States Senate Rule XXII (the "Cloture

Rule"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hayes*

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. County of San Diego*, 736 F.3d 1223, 1228 (9th Cir. 2013), and we affirm.

The district court properly dismissed for lack of standing Patterson's action because Patterson failed to allege facts sufficient to demonstrate an injury in fact. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (constitutional standing requires an "injury in fact," causation, and redressability; "injury in fact" refers to "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical" (citation and internal quotation marks omitted)); *see also Raines v. Byrd*, 521 U.S. 811, 826, 829-30 (1997) (legislators lacked standing to challenge the constitutionality of the Line Item Veto Act because they complained only of an "abstract dilution of institutional legislative power," which was not a sufficiently personal and concrete injury).

Because we affirm the district court's dismissal of Patterson's action for lack of standing, we do not consider the merits of Patterson's claims.

**AFFIRMED.**